UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EVADELL PARKER-ROGERS, | : | CIVIL ACTION NO. 03-2716 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE DEFENDANTS MOVING** to dismiss the complaint for failure

to prosecute pursuant to Federal Rule of Civil Procedure ("Rule")

41(b) (dkt. entry no. 25); and it appearing the plaintiff brought

the action in June 2003 to recover damages for, inter alia,

violations of Title VII and 42 U.S.C. § ("Section") 1983 against

the defendants, New Jersey Department of Corrections ("NJDOC")

and Loretta Brancato (Compl.; see 12-3-03 Mem & Ord., at 15-17

(noting Title VII claim against NJDOC and Section 1983 claim

against Brancato viable)); and the plaintiff's counsel having

died in August 2004; and the Magistrate Judge — on March 31, 2005

— ordering that "Plaintiff's counsel or Plaintiff pro se shall

enter an appearance no later than April 29, 2005," and that the

defendants had leave to move to dismiss the complaint for failure

to prosecute if the plaintiff failed to proceed (3-31-05 Mag.

Judge Ord.); and the plaintiff failing to comply with the order

of the Magistrate Judge; and the defendants prudently waiting one

month to move to dismiss the complaint (see 5-23-05 Not. of Mot.); and

**THE DEFENDANTS ARGUING** they have been kept from formulating a proper defense (Defs. Br., at 3); and the plaintiff, responding pro se on June 6, 2005, arguing (a) the death of counsel — almost one year ago — was beyond her control, (b) she "had no money to retain an attorney or make any payment arrangements", (c) she has consulted with 16 attorneys, and one in particular will "take my case once the retainer fee has been paid", and (d) she would "notify the court no later than June 13, 2005" (Pl. Br., at 2-3); and neither counsel nor the plaintiff pro se having entered an appearance as of now; and the Court addressing the motion without oral hearing and on the papers, see Fed.R.Civ.P. 78; and

**IT APPEARING** in addressing a motion to dismiss the complaint under Rule 41(b), the Court must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure
> to meet scheduling orders and respond to discovery; (3)
> a history of dilatoriness; (4) whether the conduct of
> the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal,
> which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and the plaintiff failing to (a) either retain new counsel or appear pro se in direct contravention to a court order, and (b) keep the Court informed as of the plaintiff's own deadline of

June 13, 2005; and thus the Court concluding the plaintiff has
(a) become personally responsible for the delay, (b) become
dilatory, and (c) demonstrated willful conduct; and thus the
first, third, and fourth Poulis factors weighing against the
plaintiff; and

**THE COURT CONCLUDING** the one-year delay in prosecution —
including the failure to proceed as directed by the Magistrate
Judge — has prejudiced the defendants in their defense of this
two-year-old action; and thus the second Poulis factor weighing
against the plaintiff; and the Court affording the plaintiff — and
the plaintiff failing to take advantage of — every opportunity to
proceed; and the Court concluding a sanction other than dismissal
will engender more delay and be ineffective; and thus the fifth
Poulis factor weighing against the plaintiff; and the Court
concluding previously that the remaining claims on Title VII and
Section 1983 may be facially meritorious (see 12-3-03 Mem. &
Ord.); but the plaintiff now asserting in support merely that she
is a victim of "intentional infliction of emotional distress" and
conduct that "breach[es] the union contract and fair labor act
laws" (Pl. Br., at 2); and thus the sixth Poulis factor being
neutral; and

**THE COURT BALANCING** the aforementioned six factors; and it
appearing the complaint should be dismissed for failure to

prosecute; and thus the Court intending to grant the motion; and good cause appearing, the Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge